UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HOPE LUMBER & SUPPLY CO., L.P.,**
an Oklahoma limited partnership,

    Plaintiff,

v.                                    Case No. 8:05-CV-01558-T-30TGW

**SAN ANTONIO LUMBER CO., INC.,** a
Florida corporation, and **THOMAS A.
SCHRADER,** an individual,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss for Improper Venue (Dkt. #13) and Plaintiff's Opposition thereto (Dkt. #15). Defendants move for dismissal pursuant to Rule 12(b)(3), Fed. R. Civ. P., asserting improper venue pursuant to the forum selection clause in the contract at issue. (Dkt. #13 at 1-2). Defendants assert that the clause names the Circuit Court in and for Pasco County, Florida as the exclusive forum for actions arising under the contract. In response, Plaintiff argues that because the clause is permissive, it may choose to bring the instant action in any jurisdiction, including the Middle District of Florida. (Dkt. #15). The Court, having considered the motion and opposition, and being otherwise fully advised, finds that the motion should be denied.

    The forum selection clause reads in pertinent part,

> Each party to this Agreement . . . consents that any legal action or proceeding against him, her or it arising out of or in any manner relating to, this Agreement . . . may be brought in the Florida Circuit Court in and for Pasco County, Florida, (B) consents and submits to the personal jurisdiction of any of such courts in any such action or proceeding, (c) consents to the service of any complaint, summons, notice or other process relating to any such action or proceeding . . . (D) waives any claim or defense in any such action or proceeding based on any alleged lack of personal jurisdiction, improper venue or *forum non conveniens* or any similar basis, and (E) waives all rights, if any, to trial by jury with respect to any such action or proceeding.  Nothing in this Section shall impair in any manner or to any extent the right of any party to commence legal proceedings or otherwise proceed against any other party in any jurisdiction . . . permitted by law.

(Dkt. #7 at 21).

Defendants argue that the word "may" in the clause need not be interpreted as strictly permissive. Defendants cite Florida Polk County v. Prison Health Servs., Inc., 170 F.3d 1081 (11th Cir. 1999) to support a mandatory interpretation.  In Florida Polk County, the Eleventh Circuit construed a forum selection clause vesting "jurisdiction regarding the rights and obligations of either party under this Agreement and all litigation resulting therefrom ... in the ... [circuit court of] Polk County, Florida" as mandatory rather than permissive. Id. at 1083-1084.  The Court reasoned that because the cause of action arose in Polk County, a permissive interpretation of the clause would render it meaningless.  Id.  Since the venue statute in Florida already permitted jurisdiction in Polk County, interpreting the forum selection clause as permitting, rather than mandating, that the action be brought in Polk County, would have rendered the clause duplicative and meaningless. Id. at 1084.  The Court emphasized the importance of interpreting every part of a contract to have meaning.  Id.

Defendants argue that in order to give every provision meaning in the forum selection clause at issue, it must be interpreted as mandatory. According to Defendants, interpreting the clause as permissive would render it meaningless because none of the parties to the contract needed permission to litigate in Pasco County. Defendants argue that like the clause in <u>Florida Polk County</u>, a permissive interpretation would simply give parties to the contract permission to litigate in a jurisdiction in which they were already permitted to litigate. Defendants thus conclude that the only way to give significance to the last sentence of the clause would be to interpret it to mean that their rights to sue parties outside of the contract in any proper jurisdiction is not affected. (Dkt. #13 at 5).

The Court agrees with Defendants that the word "may" sometimes is interpreted as mandatory if an ambiguity otherwise exists, or if failing to interpret it as mandatory would render other provisions of the contract meaningless. However, for the reasons set forth below, the Court decides that the provision is unambiguous and that interpreting the word "may" in its ordinary permissive sense would not render the clause meaningless.

The forum selection clause at issue in this case differs substantially from the one in <u>Florida Polk County</u>. Unlike the clause in <u>Florida Polk County</u>, the forum selection clause at issue here provides certain benefits to a party that chooses to litigate in Pasco County, namely both parties' waiver of jury trial, acceptance of service of process, and waiver of jurisdictional defenses. A party receives added benefits under the forum selection clause available if the Pasco County venue is chosen. Thus, a permissive interpretation of the clause

does not merely give the parties permission to litigate in a venue already available to them; rather, it provides them with certain benefits if they decide to litigate in the chosen forum. And this permissive interpretation gives meaning to the last sentence of the clause which provides that each party to the contract has the right to litigate against any other party to the contract in any proper jurisdiction other than Pasco County.

It is therefore **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss for Improper Venue (Dkt. #13) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2005\05-cv-1558.hope order.wpd